UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PAMELA KILTY, INDIVIDUALLY AND AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF ELVIRA KILTY,
PAUL J. KILTY, DAVID L. KILTY, WILLIAM J.
KILTY, AND JAMES S. KILTY				PLAINTIFFS

v.								CASE NO.	16-CV-515-slc

WEYERHAEUSER COMPANY, ET AL.				DEFENDANTS

## WEYERHAEUSER COMPANY'S MOTION TO STAY PROCEEDINGS

Defendant Weyerhaeuser Company ("Weyerhaeuser" or "Defendant"), moves to stay all proceedings in this case pending the outcome of an appeal before the Seventh Circuit Court of Appeals of this Court's rulings in six, substantially similar cases.[1] In the interest of judicial economy and to avoid unnecessary litigation costs, this case should be stayed because the issues on appeal will directly impact the outcome of pending motions, the scope of discovery, and future litigation in this case, and because Plaintiffs will not be prejudiced.

### PROCEDURAL BACKGROUND

This case is the latest in a line of asbestos cases filed by the Cascino Vaughn Law Offices ("CVLO"). The present case was filed on July 20, 2016, approximately a year after the plaintiff, Elvira Kilty, passed away. (*See* Dkt. No. 1 at ¶ 20). As in the other CVLO cases, Plaintiffs claim Decedent's mesothelioma was caused by exposure to asbestos through her 39-year employment at a facility formerly owned by Weyerhaeuser in Marshfield, Wisconsin, through dust emitted into the community air of Marshfield, and through fibers transported outside the plant on the clothes of some unidentified persons to some unspecified houses, vehicles and locations. (*Id.* at ¶

---

[1] The cases at issue are *Pecher v. Owens Illinois,* Case No. 3:14-147; *Jacobs v. Rapid American,* Case No. 3:12-899; *Masephol v. Owens Illinois*, Case No. 3:14- 186; *Sydow v. Owens-Illinois,* Case No. 3:14-219; *Boyer v. Owens-Illinois*, Case No. 3:14-286; *Seehafer v. Owens-Illinois,* Case No. 3:14- 161. As to Weyerhaeuser, the cases at issue in this appeal are *Masephol, Seehafer*, and *Jacobs.*

1

15). On September 19, 2016, Weyerhaeuser filed a Motion to Dismiss, arguing that Plaintiffs' claims are barred by the exclusivity provision of the Wisconsin Workers' Compensation Act, are preempted by the Clean Air Act, fail to state a claim for which relief can be granted, and, as to private nuisance, are barred by the statute of limitations. (*See* Dkt. Nos. 8, 9).[2]

Plaintiffs' claims are substantially similar to those made in the cases now on appeal before the Seventh Circuit. *Compare* Dkt. No. 1 *with Boyer v. Owens-Illinois*, Case No. 3:14-286, at Dkt. 475-3. In addition, plaintiff-appellants seek review of rulings by this Court that would determine the outcome of Plaintiffs' claims in this case. In particular, plaintiff-appellants appeal this Court's rulings (1) that plaintiffs' occupational claims are barred by Wisconsin's Workers' Compensation exclusivity provision; (2) that plaintiffs may not rely on NESHAP or other regulatory standards under the Clean Air Act to support their nuisance claims; (3) that plaintiffs' private nuisance claims fail due to lack of possessory interest; (4) that plaintiffs' claims against Owens-Illinois premised on a patent liability theory fail; and (5) that plaintiffs' claims against Weyerhaeuser fail when they could make no showing they lived in the city of Marshfield. (*See* Consolidated Brief of Plaintiffs-Appellants at ii-iii, *Pecher v. Owens-Illinois*, No. 16-1799 (7th Cir. Sept. 30, 2016) attached hereto as Exhibit A.[3] *See also* Ex. B at p. 7, Sept. 22, 2016 Decl. of Bob McCoy in support of 2d Mot. to Enlarge Vol. ). Plaintiff-appellants filed their consolidated brief with the Seventh Circuit on September 30, 2016, and briefing is to be completed November 14, 2016.[4]

---

[2] Plaintiffs' response is due October 11, and Weyerhaeuser's reply is to be submitted October 20, 2016.
[3] A full copy of Plaintiff-appellants' consolidated brief will be made available to the Court upon request, but is not attached hereto due to the volume of the brief and associated appendix.
[4] Weyerhaeuser is to file its response on October 31, 2016, and Plaintiff-appellants will submit their reply on November 14, 2016. (*See* Orders attached hereto as Exhibit C).

So that all parties may avoid unnecessary litigation, Counsel for Weyerhaeuser requested that Plaintiff's counsel agree to a stay pending outcome of the appeal to the Seventh Circuit. Although Plaintiff's counsel did not object to a stay, he suggested that discovery of "aging witnesses and documents" proceed. (*See* Correspondence attached hereto as Exhibit D). Counsel for defendants O-I, 3M, and Metropolitan Life have agreed to a stay. (*Id.*).

## ARGUMENT

### I. This Court Has Broad Authority to Stay This Case Pending the Outcome of the Court of Appeal's Decision.

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). Recognizing that the discretion is not boundless, courts "balance interests favoring a stay against interests frustrated by the action in light of the court's strict duty to exercise jurisdiction in a timely manner." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal citations omitted). The following factors have been considered by this Court in determining whether to issue a stay: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Woodman's Food Mkt., Inc. v. Clorox Co.,* No. 14-CV-734-SLC, 2015 WL 4858396, at *2 (W.D. Wis. Aug. 13, 2015) (internal citations omitted). All of these considerations favor a stay.

This case is at an early stage as Plaintiffs filed their Complaint less than three months ago, and parties are only now filing their initial responsive pleadings. Because legal issues that are relevant and potentially dispositive in this case will be addressed on appeal before the Seventh Circuit, and because there is no identifiable prejudice that would result, Weyerhaeuser respectfully requests this Court stay proceedings in this case pending outcome of the appeal.

## II. A Stay of the Present Action Is Appropriate to Promote Judicial Economy And Would Not Prejudice Plaintiffs.

A stay in this case will simplify the issues to be decided in this litigation and "reduce the burden of litigation on the parties and on the [C]ourt." *Woodman's Food Mkt., Inc.,* No. 14-CV-734-SLC, 2015 WL 4858396, at *2. There is no need for issues to "be litigated twice." *SanDisk Corp. v. Phison Elecs. Corp*., 538 F. Supp. 2d 1060, 1066 (W.D. Wis. 2008).[5] Staying this case until the Seventh Circuit has ruled is in the interest of judicial economy and efficiency for all parties.

Plaintiffs hinge their claims on legal issues decided by this Court and now pending before the Seventh Circuit. (*See supra*). For example, Plaintiffs claim Decedent's injury resulted from her work at the Marshfield plant despite this Court's now-contested August 22, 2014 order dismissing claims against Weyerhaeuser arising out of plaintiff's occupational injuries. (*See*

---

[5] In *SanDisk* Corp. *v. Phison Electronics Corporation* this Court granted defendants' motions to stay until related proceedings before the International Trade Commission were resolved. 538 F. Supp. 2d at 1066, 1068. The proceedings before the commission addressed claims related to the "same products against the same defendants" in another case, and, "[i]n light of the overlap of products and issues, the cases [were] likely to overlap substantially in discovery and factual and legal disputes." *Id.* at 1066. Likewise, in *Woodman's Food Market, Inc. v. The Clorox Company*, this Court granted defendant's motion to stay pending the court of appeal's decision on questions certified for interlocutory review where the defendant's "standing and potential remedies in [the] case turn[ed] in large part" on the two questions. No. 14-CV-734-SLC, 2015 WL 4858396, at *3. The Court reasoned that "staying this case until the court of appeals has had an opportunity to answer these questions ha[d] the potential to reduce all costs attendant to this lawsuit" as "a substantive ruling from the court of appeals will demarcate—and likely narrow—the playing field for this court and for the parties." *Id. See also Gensel v. Performant Technologies, Inc.*, 2015 WL 6158072 at *2 (E.D. Wis. 2015) (granting defendant's motion to stay in the interest of judicial economy pending the Seventh Circuit's ruling on the meaning of a term that would be dispositive of that case).

Compl., Dkt. No. 1 and Ex. A). In addition, despite this Court's June 2, 2015 order dismissing plaintiff's claims based on NESHAP or other regulatory standards under the CAA, Plaintiffs again claim injury resulting from Weyerhaeuser's alleged violation of NESHAP. (*See id.*). Plaintiffs' claims against other defendants are likewise directly impacted by the appeal. Despite this Court's previous dismissal of claims against Owens-Illinois premised on a patent licensing theory, Plaintiffs once again depend on this same theory in their allegations against Owens-Illinois. (*See id.*). As in *SanDisk* and *Woodman's Food Market*, the survival of Plaintiffs' claims and several Defendants' liability, if any, turns in large part on the appeal before the Seventh Circuit. Moreover, the scope of discovery in this case will be directly impacted by the outcome of the appeal "[i]n light of the overlap of products and issues." *SanDisk* Corp. 538 F. Supp. 2d at 1066. Briefing on Weyerhaeuser's Motion to Dismiss in this case will be completed several weeks <u>before</u> the briefing on the appeal is to be completed on November 14. As a result, even at this early stage, absent a stay, parties will expend substantial expense and unnecessarily impose upon this Court's time to litigate issues that may be dismissed or re-litigated as a result of the Seventh Circuit's rulings.

Moreover, Plaintiffs have not claimed they would be "unduly prejudice[d] or tactically disadvantage[d]" by a stay. *Woodman's Food Mkt., Inc.,* No. 14-CV-734-SLC, 2015 WL 4858396, at *2. Nor can Plaintiffs point to any interests that would be frustrated or show that they would "suffer significant harm" simply by waiting until the Seventh Circuit has issued a decision on the appeals. *Cf. id.* at *3. While Plaintiff's counsel suggested parties proceed with discovery, he identified no "aging witnesses" to be deposed and can point to no discovery that must proceed to avoid prejudice.

Importantly, Weyerhaeuser does not request an indefinite stay, but only until the appeal is decided. Plaintiffs have simply identified no hardship that would result from such a stay. *See SanDisk Corp.*, 538 F. Supp. 2d at 1066 (granting a stay when the "only real 'injury'" was that plaintiff would "have to wait for any money damages, which is always the case when a stay is imposed"). If this case is not stayed, however, the Court and all parties would be forced to re-litigate the same issues to be decided on appeal.

## Conclusion

Based upon the foregoing, in the interests of judicial economy, justice and fairness, and to avoid unnecessary litigation costs, Weyerhaeuser respectfully requests the Court issue an Order staying all proceedings in this case pending outcome of the appeal to the Seventh Circuit Court of Appeals.

Respectfully submitted this, the 3rd day of October, 2016,

By: /s/ Ruth F. Maron
Joshua J. Metcalf (MS Bar No. 100340)
Tanya D. Ellis (MS Bar No. 101525)
Ruth Maron (MS Bar No. 104709)
Mitch McGuffey (MS Bar No. 104986)
FORMAN WATKINS & KRUTZ, LLP
200 South Lamar Street
City Centre Building, Suite 100 (39201)
Post Office Box 22608 (39225-2608)
Jackson, Mississippi
Phone: (601) 960-8600
Facsimile: (601) 960-8613
Email: Joshua.Metcalf@formanwatkins.com
Email: Tanya.Ellis@formanwatkins.com
Email: Ruth.Maron@formanwatkins.com
Email: Mitch.Mcguffey@formanwatkins.com
**Counsel for Weyerhaeuser Company**

## CERTIFICATE OF SERVICE

I certify that on October 3, 2016, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Ruth F. Maron<br>Ruth F. Maron