UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PAMELA KILTY, Individually and as Special Administrator of the Estate of Elvira Kilty, PAUL KILTY, DAVID L. KILTY, WILLIAM J. KILTY, and JAMES S. KILTY<br><br>Plaintiffs,<br><br>v.<br><br>WEYERHAEUSER COMPANY, et al.,<br><br>Defendants. | Case No. 16-CV-515 |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT WEYERHAEUSER COMPANY'S MOTION TO STAY PROCEEDINGS

Now Comes Plaintiffs, by and through their undersigned counsel of record, and hereby oppose Defendant Weyerhaeuser Company ("Weyerhaeuser" or "Defendant")'s Motion to Stay Proceedings to the extent that Defendant's motion seeks to stay fact discovery as well. Defendant's motion should be denied for the reasons stated herein.

### INTRODUCTION

As an initial matter, Plaintiffs agree that the legal issues should be stayed until the appeal of the related six Marshfield cases in the Seventh Circuit is resolved. Most, but not all, of the arguments presented by Weyerhaeuser in its initial Motion to Dismiss in the instant matter were previously submitted to this Court and are the subject of appeal. Yet the outcome in the Court of Appeals will not be dispositive of all issues in the *Kilty* litigation.

Weyerhaeuser makes no showing that the *Kilty* case will not require discovery to develop evidence. Discovery in the *Kilty* case is governed primarily by the procedures in Rule 26(e) and (f). *Kilty* is not in the posture of a Rule 27(b) discovery pending appeal such as Weyerhaeuser's

1

motion presumes. Rather than be concerned with a non-dispositive appeal, this Court should focus on the Rule 16 scheduling that is needed to effectuate the Rule 26(e) and (f) requirements to begin advancing the case for trial.[1]

The earlier rulings of this Court on motions to dismiss were not dispositive of the individual claims. For example, the community exposure, family member household, public nuisance, and punitive damages claims were all allowed to go forward to trial. The viability of these claims is not on appeal. Ultimately all six of the earlier mesothelioma cases (*Kilty* is also a mesothelioma case) were the subject of summary judgment and *Daubert* motions that involved briefing based on extensive fact discovery of the individual case evidence and the application of scientific evidence to the facts of each case. The discovery relating to summary judgment must go forward in *Kilty*, regardless of the outcome of the Seventh Circuit appeal.

Importantly, Plaintiffs have alleged additional claims against Weyerhaeuser in this matter, namely common law negligence, and made other changes in pleadings that were not alleged in the prior Marshfield cases. At the very least, Plaintiffs should be permitted to conduct discovery on the claims that will not be affected by the outcome of the Seventh Circuit appeal and these new allegations.

Weyerhaeuser's motion to dismiss, itself, establishes the need for discovery on a new key issue of scientific evidence, which Weyerhaeuser claims to be dispositive. Weyerhaeuser argues that presence of a "single, indivisible injury" means the claims must be dismissed even for community and family member take home exposures. The argument presents a disputed fact issue and requires expert scientific evidence be developed through reports and other discovery.

---

[1] Plaintiffs note the appellate orders and briefing schedule of the six pending appeals preoccupied the parties and diverted attention from *Kilty* case discovery The current briefing schedule in the Court of Appeals calls for the reply brief to be filed on Decmeber 14, 2016.

For these and other reasons stated below, Plaintiffs respectfully request that fact discovery be permitted to continue, and Defendant's Motion to Stay be denied to the extent that it seeks to stay the progress of discovery in the instant matter.

## ARGUMENT

"It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing *Brennan v. Int'l Bhd. of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir. 1974)). "The right to proceed in court should not be denied except under the most extreme circumstances." *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971). It is true that courts must "balance interests favoring a stay against interests frustrated by the action in light of the court's strict duty to exercise jurisdiction in a timely manner." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal citations omitted). On the other hand, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

Other courts have used their discretion to permit discovery to continue while precluding the proceedings to reach trial and declining to act upon any motions for summary judgment. For example, in *Hill v. PeopleSoft USA, Inc.*, 341 F. Supp. 2d 559, 561 (D. Md. 2004), the district court declined to issue a stay of all proceedings after the filing of a notice of interlocutory appeal, and stated: "this Court will not permit the proceedings to reach the state of a trial, nor will the Court act upon any motions for summary judgment. The Court will, however, permit discovery to move forward and it will permit the parties to amend their pleadings."

3

**I.      Although related, the issues on appeal to the Seventh Circuit are not clearly dispositive so as to warrant a complete stay discovery in the present action.**

No matter the outcome of the appeal, Plaintiffs are entitled to a right to discovery. At the very least, Plaintiffs are entitled to discovery related to Plaintiffs' common law negligence, public nuisance, and punitive damages claims because the outcome of the Seventh Circuit appeal will not be completely dispositive. "[A] stay of discovery . . . 'is rarely appropriate when the pending motion will not dispose of the entire case[.]'" *Chavous*, 201 F.R.D. at 3 (quoting *Keystone Coke Co. v. Pasquale*, No. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999)).

In *CMFG Life Ins. Co. v. Credit Suisse Securities (USA) LLC*, No. 14-cv-249-wmc, 2015 WL 4647000, at *1-2 (W.D. Wis. Aug. 5, 2015), this Court denied a motion to stay where the appeal of a related case was pending in the Seventh Circuit. This Court reasoned as follows:

> As [the moving party] contends, the eventual decision in the [related case on appeal] may well provide helpful guidance with respect to [the moving party's] claim for rescission in this action, which closely mirrors those it asserted in [the related case on appeal], but the court is not persuaded that a stay is necessary at this stage of the litigation. Indeed, the issues on appeal to the Seventh Circuit in [the related case] are not clearly dispositive of the issues in this case at present. [The moving party] does not even argue as much. Moreover, given the early stage of this litigation, the [related case on appeal] will likely have issued by the time any of the overlapping issues arise in this matter. Regardless, no purpose would be served by delaying a decision on the presently pending, unrelated motions.

*Id.* at *2.

The *CMFG* court's analysis is particularly instructive to the present matter. In the related Marshfield cases on appeal, summary judgment was denied where the plaintiffs "not only worked, but lived for at least one year within a 1.25 mile radius of the plant that scientific studies suggest may meaningfully increase their risk of development mesothelioma; . . ." *Boyer v. Weyerhaeuser Company*, No. 14-cv-286, 2016 WL 705233, at *1 (W.D. Wis. Feb. 19, 2016) (slip copy). Summary judgment was also denied on family member take-home exposures of significant

4

duration. These rulings are not raised on appeal to the Seventh Circuit, and the evidence in discovery proceedings will demonstrate that Plaintiffs' claims are within the factual parameters needed to survive summary judgment.

Further, this Court did not issue rulings in the prior Marshfield cases related to the newly pled common law negligence claim against Weyerhaeuser in *Kilty*. Consequently, the issues on appeal have no bearing on Plaintiffs' current common law negligence claim.

## II. Staying all proceedings, including discovery, will not reduce the burden of litigation on the parties and on the court and will unduly prejudice Plaintiffs.

Weyerhaeuser's motion is premised on the fact that the majority of discovery is complete because Plaintiffs' claims arise out of similar circumstances to the other Marshfield cases. Although the relationship between the parties is substantially similar to that of the Marshfield cases on appeal, the *Kilty* litigation is ultimately based upon in its own unique set of facts. The evidence needs to be developed, including coworker and family member exposure evidence and medical/industrial hygiene expert opinions that may only be offered once the full factual background of the Decedent's asbestos exposures is established. For example, the following discovery, without limitation, is needed in the current litigation and will differ from and/or supplement the prior discovery in the other Marshfield cases:

- Document requests for the Weyerhaeuser employee records, including but not limited to those of Elvira Kilty and other family members necessary to Plaintiffs' claims;

- Deposition of Elvira Kilty's aging co-workers from the Weyerhaeuser Marshfield plant;[2]

- Discovery of scientific evidence bearing on the factual defense by Weyerhaeuser that the disease mesothelioma is a "single, indivisible injury";

---

[2] Age alone for witnesses over age 70 is sufficient grounds to require discovery to go forward despite other pending litigation that might affect the outcome. *Texaco v. Borda*, 383 F.2d 607 (3rd Cir. 1967.)

5

- Deposition of other community witnesses who will testify to the plant conditions, household exposures, and community exposures relevant to the present matter;

- Deposition of several past and present Weyerhaeuser employees regarding the industrial hygiene practices of the Marshfield plant, environmental practices, document retention policies, and other issues that were not fully developed in the prior Marshfield cases that is relevant to the instant litigation;

- Discovery of Weyerhaeuser practices and procedures relating to the changing of contaminated clothing at work or the laundering at home of such clothing worn by Decedent, Ms. Kilty;

- Revisions and supplements to expert reports;

- Document requests for the Roddis/Weyerhaeuser purchase agreements;

- Document requests for air quality ambient records; and

- Non-party discovery of records of the new Marshfield plant owner.

Many of the above fact witnesses are retired, aging, and may develop their own maladies that will impair their mental or physical abilities. Plaintiffs will be unduly prejudiced if precluded from deposing fact witnesses in a timely manner.

Additionally, prior to trial in the Marshfield plant case of *Boyer v. Weyerhaeuser*, No. 14-cv-286, the court denied plaintiffs' motion for a spoliation jury instruction based on finding that necessary discovery had not been undertaken earlier. "Even assuming plaintiff's basic allegations had merit, the proper route would have been to raise this issue in a discovery-related motion, giving the court and defendant an opportunity to consider an appropriate sanction, . . ." *See* Opinion and Order in *Boyer v Weyerhaeuser Company*, No. 14-cv-286, Doc. #552 (W.D. Wis. May 5, 2016). This same issue of spoliation is ripe in the *Kilty* litigation, and discovery on the matter must go forward.

Finally, staying the proceedings will not reduce the burden of litigation on the parties because all of the aforementioned discovery will be necessary to develop Plaintiffs' common law negligence, public nuisance, and punitive damages claims against Weyerhaeuser, which, as

discussed *supra*, have no threat of being completely disposed pending the outcome of the Seventh Circuit appeal.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request that this Court grant in part the Motion to Stay as to the legal issues pending in the Seventh Circuit and deny the Motion to the extent that it seeks to delay discovery.

This 25th day of October, 2016

    Respectfully submitted,

    COUNSEL FOR PLAINTIFFS

    /s/ John E. Herrick
    John E. Herrick
    Nathan D. Finch
    Meredith K. Clark
    MOTLEY RICE LLC
    28 Bridgeside Blvd.
    Mt. Pleasant, SC 29464
    Phone: (843) 216-9000
    Facsimile: (843) 216-9450
    jherrick@motleyrice.com
    nfinch@motleyrice.com
    mkclark@motleyrice.com

    and

    Robert G. McCoy
    Daniel B. Hausman
    CASCINO VAUGHAN LAW OFFICES, LTD.
    220 S. Ashland Avenue
    Chicago, IL 60607
    Phone: (312) 944-0600
    Facsimile: (312) 944-1870
    bmccoy@cvlo.com
    dhausman@cvlo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25th, 2016, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

/s/John E. Herrick
John E. Herrick
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000