IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAMELA KILTY, individually and as
Special Administrator of the Estate
of Elvira Kilty, PAUL KILTY, DAVID L.
KILTY, WILLIAM J. KILTY, and
JAMES S. KILTY,

                    Plaintiffs,                    OPINION AND ORDER

     v.

                                              16-cv-515-wmc

WEYEHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS, INC.

                    Defendants.

This civil action presents claims against various defendants based on decedent Elivra Kilty's asbestos exposure. The court is well familiar with plaintiffs' claims, having previously presided over nine cases, brought by the same counsel, involving similar claims against the same defendants. Six of those cases are currently on appeal to the Seventh Circuit Court of Appeals. (Weyerhaeuser's Mot. (dkt. #18) 1 n1.) Before the court is defendant Weyerhaeuser Company's motion to stay, in which defendant Owens-Illinois, Inc. has now joined. (Dkt. ##18, 29.)[1] In response, plaintiffs "agree that the legal issues should be stayed until the appeal of the related six Marshfield cases in the Seventh Circuit is resolved," but contend that the court should still permit discovery since the "outcome in the Court of Appeals will not be dispositive of all of the issues in the *Kilty* litigation." (Pl.'s Resp. (dkt. #31).) Depending on the outcome of the Court of Appeal's

---

[1] Weyerhaeuser has also moved for leave to file a reply brief in support of its motion to stay (dkt. #33), which the court will grant, and has considered.

decision, the court agrees with plaintiffs that this case could proceed to summary judgment.  Still, the Seventh Circuit could also reject this court's decision allowing nuisance claims to go forward, finding those claims are also barred by the Wisconsin Workers Compensation Act's exclusivity provision, or on some other basis.  Even if the Seventh Circuit were to affirm this court's orders, the Seventh Circuit may materially alter this court's determination of causality, or other aspects of its decisions to date.

Had plaintiffs explained *why* they need to conduct discovery during the stay, the court would at least have considered entering a more narrow stay.  For example, if Elvira Kilty were still living, the court would be sympathetic to discovery efforts to preserve her testimony, but that concern is not present in this case.  Moreover, plaintiffs' counsel has already conducted *extensive* discovery of Weyerhaeuser's former employees and records. Other than conducting discovery specific to Elvira Kilty -- where she lived, where she worked, *etc.* -- the court is hard-pressed to understand what additional discovery plaintiffs require.  Regardless, defendants are reminded of their obligation to preserve all such evidence until a final judgment is entered in this case.

As such, the court finds that the interests favoring a stay -- particularly judicial efficiency and streamlining of issues -- outweigh any prejudice to plaintiffs.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (The court has "broad discretion to stay proceedings as an incident to its power to control its own docket."); *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (courts should "balance interests favoring a stay against interests frustrated by the action in light of the court's strict duty to exercise jurisdiction in a timely manner").  Accordingly, the court will grant a stay of

all proceedings, including discovery, pending the outcome of the appeal of the six related cases.

ORDER

IT IS ORDERED that:

1) Weyerhaeuser Company's motion for leave to file a reply in support of motion to stay (dkt. #33) is GRANTED.

2) Weyerhaeuser Company's motion to stay proceedings (dkt. #18) is GRANTED.

3) Weyerhaeuser Company's motion to dismiss (dkt. #8) is DENIED without prejudice to refiling when the stay is lifted.

4) The clerk of court is directed to administratively stay this case pending the outcome of the appeal to the Seventh Circuit of six related cases.

Entered this 7th day of November, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3