UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **KILTY v. WEYERHAEUSER COMPANY, ET AL.** | **CASE NO. 3:16-CV-000515** |
| **SPATZ v. WEYERHAEUSER COMPANY, ET AL.** | **CASE NO. 3:16-CV-000726** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT WEYERHAEUSER COMPANY'S MOTION TO COMPEL DEPOSITION OF PLAINTIFFS' EXPERT MR. FRANK PARKER AND PLAINTIFFS' CROSS-MOTION FOR PROTECTIVE ORDER AND EXPENSES**

Now Comes Plaintiffs, by and through their undersigned counsel of record, and hereby oppose Defendant Weyerhaeuser Company ("Weyerhaeuser" or "Defendant")'s Motion to Compel Deposition of Plaintiffs' Expert Mr. Frank Parker and move for a protective order prohibiting the deposition of Frank Parker. Defendant filed the instant motion to compel the deposition of Plaintiffs' expert, Frank Parker ("Mr. Parker"), based on the argument that Plaintiffs "failed to provide timely his case file." Def. Mot. at p. 1. Plaintiffs submit that more than ten days prior to the deposition date, Defendant had all documents within Mr. Parker's case file, with the exception of some invoices, as previously required by this Court. Any delay in providing other materials requested by Defendant in its subpoena was a result of Defendant's refusal to agree to pay Mr. Parker's fees associated with subpoena compliance, and in any event, the materials were provided on the day of the scheduled deposition. For the reasons stated herein, Defendant's motion should be denied in its entirety. Furthermore, this Court should issue a protective order precluding the deposition of Frank Parker and ordering Defendant to pay all costs, expenses, and fees associated with the cancelled deposition.

1

**FACTUAL BACKGROUND**

On, November 16, 2017, Plaintiffs inquired as to whether or not Weyerhaeuser would agree to compensate Mr. Parker and Dr. Anderson at their usual hourly rate for time spent collecting the documents to respond to the subpoenas. *See* **Exhibit A**, Email from N. Finch dated 11/16/2017. Counsel for Weyerhaeuser responded by stating that the "FRCP requires that parties pay a 'reasonable fee' for an opposing expert's time," and asked for hourly rates and estimates of their time to comply. *See* **Exhibit B**, Email from T. Ellis dated 11/16/2017.

On November 20, 2017, after serving Plaintiffs' Expert Disclosures that included the hourly rate of each expert, Plaintiffs inquired as to whether there was a limit to the amount that Weyerhaeuser was willing to reimburse Plaintiffs' experts for their time. *See* **Exhibit C**, Email from M. Clark dated 11/20/2017. On November 22, 2017, Plaintiffs' Counsel again insisted that "[a]bsent defendants' agreement to pay for the time required to respond to the subpoenas we are going to file motions to quash." *See* **Exhibit D**, Email from J. Herrick dated 11/22/2017.

On November 30, 2017, Plaintiffs' Counsel informed Counsel for Weyerhaeuser that he would request a non-binding estimate of time and expenses to comply with the subpoenas from Plaintiffs' experts, Mr. Frank Parker and Dr. Henry Anderson. *See* **Exhibit E**, Email from B. McCoy dated 11/30/2017. The next day, Plaintiffs' Counsel sent an estimate from Mr. Parker's office to Counsel for Weyerhaeuser stating that his office needed a deposit to get started on the materials. *See* **Exhibit F**, Email from B. McCoy dated 12/1/2017. In Mr. Parker's email, attached to the email from Plaintiffs' Counsel, he stated that "[a] deposit of $1,000 prior to start of the work" and estimated completion of the work "within 10 working days after receipt of the deposit." *Id.* at p. 14. Plaintiffs' did not receive a response from this email, but nonetheless, Plaintiffs' directed Mr. Parker to comply with the subpoena. On December 4, 2017, Plaintiffs' Counsel sent

a similar email outlining Dr. Anderson's estimate. *See* **Exhibit G**, Email from B. McCoy dated 12/4/2017. Again, Plaintiffs' did not receive a response to this email and also directed Dr. Anderson to comply with the subpoena.

During the depositions of the plaintiffs and family members in these matters held on December 6-7, 2017, Counsel for Weyerhaeuser indicated that they would "litigate" the expert fees. Plaintiffs' Counsel sent an email on December 11, 2017 to confirm this statement. *See* **Exhibit H**, Email from B. McCoy dated 12/11/2017. In response, Weyerhaeuser's Counsel stated for the first time that "[t]he experts' estimates are unreasonable." *Id.*

At 11:24 a.m. CST on December 20, 2017, Weyerhaeuser's Counsel sent an email purporting to cancel the deposition of Frank Parker scheduled to begin less than twenty-four (24) hours later on December 21, 2017 at 9:00 a.m. CST. *See* **Exhibit I**, Email string dated 12/20/2017, at p. 3; *see also Kilty* Dkt. 70, Case No. 3:16-515, Notice of Deposition of Frank Parker, III. After several more emails (All detailed in **Exhibit I**), Plaintiffs' Counsel called Weyerhaeuser's Counsel at 2:18 CST to inquire about the deposition moving forward. *See* **Exhibit J**, Aff. J. Herrick, at ¶2. Over two hours later, Weyerhaeuser's Counsel returned Plaintiffs' phone call to notify him that Weyerhaeuser Company would not be attending the deposition scheduled for the next morning. *Id.* at ¶4. In the interim, Plaintiffs's Counsel had already begun traveling from San Antonio, TX to Houston, TX, the location of the deposition. *Id.* at ¶3. After another hour and a half, Weyerhaeuser's Counsel again phoned Plaintiffs' Counsel at 5:36 p.m. CST, to inform him that Weyerhaeuser had relayed the information to Counsel for 3M Company and cancelled the room reservation and court reporter for the deposition. *Id.* at ¶5. Finally, at 7:57 p.m. CST, Weyerhaeuser's Counsel sent a text message to Plaintiffs' Counsel notifying him that 3M Company also confirmed that it would not attend the deposition as scheduled. *Id.* at ¶6.

On December 21, 2017 at 9:15 a.m. CST, fifteen minutes after the deposition was scheduled to begin, Weyerhaeuser filed its Notice of Cancellation of Deposition of Frank Parker, III. *See Kilty* Dkt. 75, Case No. 3:16-515, Notice of Cancellation of Deposition of Frank Parker, III; *see also* **Exhibit K**, Notice of Electronic Filing received by M. Clark on 12/21/2017 at 10:16 a.m. EST.

## ARGUMENT

It is hardly conceivable that Defendant was "forced to cancel the deposition" of Mr. Parker in the instant matter due to Defendant's argument that it was not provided Mr. Parker's case file ten (10) days prior to the deposition. Def. Mot. at p. 1. On the contrary, Plaintiffs provided all materials as required by Federal Rule of Evidence 26(a)(2) on November 20, 2017, more than ten days prior to the deposition, including Mr. Parker's reliance materials, fee schedule, general report, case-specific reports, list of prior testimony, and curriculum vitae. In fact, the only documents included in Mr. Parker's *actual* file, as copied by him, that were not provided until the day of the deposition were Mr. Parker's documents pertaining to his service agreement, retainer letter, and invoices – a total of 9 pages in the *Kilty* file (2 pages of invoices and 7 pages of retainer and service agreement documents) and 9 pages in the *Spatz* file (2 pages of invoices and 7 pages of retainer and service agreement documents). See **Exhibit L**, Kilty – Caliche File; **Exhibit M**, Spatz – Caliche File. At the very least, Defendant's counsel would have been able to review these few pages the morning of the deposition.

As far as any materials requested by the subpoena, it was unclear as of ten days prior to the deposition whether or not Defendant would even reimburse Mr. Parker for his expenses in complying with the issued subpoena. *See* **Exhibit H** (email stating, "[t]he experts' estimates are unreasonable"). Mr. Parker clearly requested a deposit of $1,000 prior to the start of any work

4

related to the subpoena and provided an estimate of ten working days. *See* **Exhibit F**, at p. 14. Despite this fact, Plaintiffs' Counsel instructed Mr. Parker to comply, and his office sent the materials via FedEx on December 20, 2017, the date that it finished compiling the materials. Additionally, Mr. Parker was prepared to bring multiple hard copies to his deposition scheduled to begin on December 21, 2017. Had Defendant sent the requested deposit, or at the very least agreed to compensate Mr. Parker, then it would have been possible for the additional materials to be provided sooner.

Moreover, Mr. Parker was retained as an expert witness by plaintiffs in prior cases involving the same parties, the same facility, similar allegations, and the same counsel on both sides. Defendant served a subpoena on Mr. Parker in this previous litigation, and Plaintiffs' Counsel was required to file a motion to compel in order to seek reimbursement of Mr. Parker's expenses associated with his efforts to comply with the subpoena. Indeed, Defendant received copies of similar documents in the prior litigation.

Furthermore, Defendant waited until the eve of the deposition, less than twenty-four hours before the scheduled start time, to notify Plaintiffs of its intent to cancel because it did not receive the materials timely. Defendant's invocation of a ten day rule is farcical when it went unraised until less than twenty-four hours prior to the scheduled start time. What's more, Defendant did not file notice of cancellation of the deposition until fifteen minutes after it was scheduled to begin. *See* **Exhibit K**.

Remarkably, the deposition of Plaintiffs' expert, Dr. John Maddox, is moving forward tomorrow, January 9, 2017, despite there being no subpoena served and no further documents provided prior to today other than Plaintiffs' Expert Disclosure served on November 20, 2017. Dr. Maddox, unlike Mr. Parker, is new to this litigation. Again, Defendant's Counsel sent an email

5

this morning, the day before the deposition, requesting that Dr. Maddox's file be sent over. Similarly, the only materials in his file that had not been provided to date were invoices. This deficiency was quickly solved with a simple email serving the invoices. *See* **Exhibit N**, Emails form 1/8/2018. Yet, Defendant's counsel was unable to move forward with the deposition of Mr. Parker in almost identical circumstances.

Plaintiffs were unable to respond to Defendant's request for dates for Mr. Parker's availability in January prior to the filing of Defendant's motion because his office is typically closed the week between Christmas and New Year's. On January 3, 2017, Mr. Parker's office indicated that his next available dates for deposition, which he would still need to confirm and to date has not done so, are not until the first week of March or the first week of April, outside of the February 1 deadline for dispositive motions. Notably, Plaintiffs offered dates of availability for Mr. Parker's deposition as early as November 9, 2017, and Defendant's counsel selected the December 21 date for the deposition. *See* **Exhibit O**, Email from N. Finch dated 11/9/2017. On more than one occasion, Counsel for Weyerhaeuser indicated that it may not be possible to complete Mr. Parker's deposition in one day. When presented with the opportunity to reserve a second date in order to continue Mr. Parker's deposition, Weyerhaeuser declined, stating, "We can't commit to compensating Parker for a second day at this time." *See* **Exhibit P**, Email from T. Ellis dated 11/28/2018. Weyerhaeuser's decision to cancel Mr. Parker's deposition less than twenty-four hours prior to its scheduled start time does not justify postponing the deadlines in these matters in order to compel Mr. Parker's deposition. Plaintiffs respectfully request that Defendant's motion be denied and that this Court enter an order precluding Mr. Parker's deposition.

Additionally, Plaintiffs' respectfully request that Defendant be required to pay the following costs, expenses, and fees associated with the cancelled deposition:

6

- Caliche Ltd. Invoice #1217396 in the amount of $2,917.50 for subpoena compliance (attached hereto as **Exhibit Q**);

- Caliche Ltd. Invoice #1217397 in the amount of $5,635.32 for deposition preparation and cancellation fee (attached hereto as **Exhibit R**); and

- Attorneys' fees and expenses for travel to Houston, TX for the December 21, 2017 noticed deposition.

In the event this Court grants Defendant's motion, Plaintiffs' alternatively request that this Court enter an order requiring Defendant to pay the above costs before being permitted to move forward with a new deposition date, in addition to any costs associated with reserving the new date.

In summary, this is a problem of the Defendant's own making. Defendant was in possession of all documents necessary to move forward with the deposition more than ten days prior to the scheduled date as previously required by this Court. Any delay in responding to the subpoena was due to Defendant's unwillingness to agree to pay the costs associated with complying. Defendant unilaterally decided to cancel the deposition the day before and did not inform Plaintiffs' counsel of the cancellation until travel to Houston, TX had already commenced.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request that this Court deny Defendant Weyerhaeuser Company's Motion to Compel in its entirety.

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully move this Court for a protective order precluding the deposition of Frank Parker and ordering Defendant to pay all costs, expenses, and fees associated with the cancelled deposition. In the alternative, Plaintiffs request that this Court order Defendant to pay all costs, expenses, and fees associated with the cancelled deposition and any costs associated with reserving a new date prior to the scheduling of a new deposition.

This 8th day of January, 2018.    Respectfully submitted,

COUNSEL FOR PLAINTIFFS

/s/ Meredith K. Clark
John E. Herrick
Nathan D. Finch
Meredith K. Clark
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Phone: (843) 216-9000
Facsimile: (843) 216-9450
jherrick@motleyrice.com
nfinch@motleyrice.com
mkclark@motleyrice.com

and

Robert G. McCoy
Daniel B. Hausman
CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. Ashland Avenue
Chicago, IL 60607
Phone: (312) 944-0600
Facsimile: (312) 944-1870
bmccoy@cvlo.com
dhausman@cvlo.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

                                              /s/Meredith K. Clark
                                              Meredith K. Clark
                                              MOTLEY RICE LLC
                                              28 Bridgeside Blvd.
                                              Mt. Pleasant, SC 29464
                                              (843) 216-9000