IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| PAMELA KILTY, Individually and as Special Administrator of the Estate of ELVIRA KILTY, Deceased, PAUL J. KILTY, DAVID L. KILTY, WILLIAM J. KILTY, and JAMES S. KILTY,<br><br>Plaintiffs<br><br>v.<br><br>WEYERHEAUSER COMPANY, a corporation, et al.,<br><br>Defendants. | Court No.  16 CV 00515 |

### 3M COMPANY'S ITEMIZED CLAIM FOR REASONABLE COSTS AND FEES INCURRED IN OPPOSING PLAINTIFFS' MOTION FOR LEAVE [DKT 192]

NOW COMES Defendant, 3M COMPANY, by and through its attorneys, SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD., and in support of its Claim for Costs and Fees Reasonable Costs and Fees Incurred in Opposing Plaintiffs' Motion for Leave [Dkt 192], states as follows:

### DISCUSSION

On March 7, 2018, this Court awarded Defendant 3M Company sanctions against the Plaintiff under Fed. R. Civ. P. 37 due to Plaintiffs' improper disclosure of fact witnesses Richard Luther and Charles Reno and Plaintiffs' attempt to take the depositions of these witnesses after the close of discovery. [Dkt 199]. These sanctions included both the exclusion of the improperly disclosed fact witnesses as well as reasonable costs and fees per Fed. R. Civ. P. 37(a)(5)(B). The Seventh Circuit applies a lodestar analysis to the calculation of reasonable attorney's fees as a sanction – reviewing an attorney's fee claim according to a computation of reasonable hours expended multiplied by a reasonable hourly rate. *Houston v. C.G. Sec. Servs.*,

1

*Inc.*, 820 F.3d 855, 859 (7th Cir. 2016); (citing *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317–18 (7th Cir.2003)).

As was discussed in greater detail in 3M Company's Response to Plaintiff's Motion for Leave [Dkt 194], 3M Company spoke with Plaintiffs' counsel repeatedly at fact and expert witness depositions throughout December 2017 and January 2018 about the disclosure and deposition of undisclosed fact witnesses. When these conversations failed to yield a disclosure, 3M Company exchanged correspondence with Plaintiffs' counsel on January 19, 2018, and January 22, 2018, requesting Plaintiffs' cooperation in resolving the disclosure issue and scheduling the deposition of the undisclosed fact witnesses. [Dkt 194, Exhibit D]. Plaintiffs were unwilling to cooperate in resolving this matter, and independently noticed the depositions of undisclosed fact witnesses. As a result, 3M Company completed a basic overview of Seventh Circuit law on the topic of improper witness disclosures and drafted a letter to Plaintiffs' counsel outlining their objections. [Dkt. 192, Exhibit 2]. Plaintiffs' counsel and counsel for 3M Company then exchanged additional e-mails regarding the nature of 3M Company's objections, but Plaintiffs' counsel ultimately stood by his previous notices. Unable to obtain Defendants' consent in proceeding with untimely discovery, Plaintiffs filed their Motion for Leave [Dkt 192]. In response, 3M Company completed a detailed review of Seventh Circuit law related to the propriety of voluminous, vague, generalized witness disclosures and drafted its Response to Plaintiffs' Motion for Leave [Dkt 194]. After this Court entered its order denying Plaintiffs' Motion for Leave, excluding the undisclosed witnesses, and awarding costs and fees, [Dkt 199], 3M Company proceeded to draft this Claim at the Court's direction.

The time 3M Company expended in the above listed endeavors is itemized below, together with the associated attorney's fees. The attorney's fees are calculated at 3M

Company's counsels' current rates of $175.00 per hour for associates and $215.00 per hour for partners, which are a reasonable and competitive market rates. The below fees and expenses were reasonably incurred by 3M Company in the defense of its interests in discovery. 3M Company made every attempt to reduce fees and costs through seeking the cooperation of Plaintiffs in resolving these discovery issues on multiple occasions. When Plaintiffs were unwilling to cooperate and unilaterally noticed the undisclosed witness depositions, 3M Company drafted an objection letter and engaged in additional correspondence with Plaintiffs' counsel with the hope that these efforts would prevent the need for motion practice on the issue. When these last efforts at cooperation proved unsuccessful, 3M Company drafted its Response seeking the exclusion of these witnesses because of Plaintiffs' continued attempts to take fact witness depositions after the close of discovery, deadline for expert disclosures, and filing of motions for summary judgment.

## ITEMIZATION

The itemization below is for fees relative to this matter. It does not include fees incurred in the related *Herbert Spatz* matter (16 CV 726), which are also subject to Judge Crocker's Order and are addressed in another motion filed in that matter. Given the close relation of these cases, 3M Company's counsel often worked on both cases simultaneously relative to this discovery dispute. As such, 3M Company has split the time spent relative to this discovery dispute evenly between *Kilty* and *Spatz*, with each case's itemization accounting for one-half of the time spent working to resolve the discovery dispute.

| Date | Description | Time | Rate | Fee |
|---|---|---|---|---|
| 1/19/18 | Exchange electronic communications with Plaintiffs' counsel, Bob McCoy of CVLO, regarding disclosure of the co-worker fact witnesses that he has previously mentioned, without identification, at prior | 0.1 | Patrick Sullivan (Associate) ($175) | $17.50 |

3

| | | | | |
|---|---|---|---|---|
| | depositions. | | | |
| 2/21/18 | Review 7th Circuit Federal Appellate Court case law relative to the objectionability of voluminous witness lists in Rule 26(a)(1) initial disclosures in order to assess potential for Motion to Quash and Strike Deposition of co-worker, Richard Luther.[1] | 0.3 | Patrick Sullivan (Associate) ($175) | $52.50 |
| 2/23/18 | Draft correspondence to Plaintiff's counsel, Bob McCoy of CVLO, outlining 3M Company's objections to his proposed extension of the discovery schedule and depositions of undisclosed witnesses and providing legal support for those objections. | 0.4 | Patrick Sullivan (Associate) ($175) | $70.00 |
| 2/26/18 | Draft revised correspondence to Plaintiff's counsel, Bob McCoy of CVLO, outlining 3M Company's objections to his proposed extension of the discovery schedule and depositions of undisclosed witnesses. | 0.2 | Jason Eckerly (Partner) ($215) | $43.00 |
| 2/26/18 | Exchange electronic communications with Plaintiff's counsel, Bob McCoy of CVLO, in response to 3M's objections to his untimely notice of undisclosed fact witnesses (Rich Luther and Charles Reno) and request to extend the discovery deadline. | 0.2 | Patrick Sullivan (Associate) ($175) | $35.00 |
| 3/2/18 | Review 7th Circuit Appellate Court Case law regarding disclosure requirements and the propriety of voluminous, vague, and general disclosures under Rule 26(a)(1) for use in drafting a Response to Plaintiffs' Motion for Leave. | 0.7 | Patrick Sullivan (Associate) ($175) | $122.50 |
| 3/2/18 | Draft Response and Opposition to Plaintiff's Motion for Leave to Take Additional Discovery Depositions after the Close of Fact Witness Discovery. | 2.4 | Patrick Sullivan (Associate) ($175) | $420.00 |
| 3/5/18 | Draft revised Response and Opposition to Plaintiff's Motion for Leave to Take Additional Discovery Depositions after the Close of Fact Witness Discovery. | 0.5 | Jason Eckerly (Partner) ($215) | $107.50 |
| 3/12/18 | Draft Claim for Itemized Costs and Expenses Pursuant to Sanctions Order of | 0.6 | Patrick Sullivan | $105.00 |

---

[1] At the time counsel for 3M Company completed this research, Plaintiffs had not yet cancelled Mr. Luther's deposition or noticed Mr. Reno's deposition.

| | | | | |
|---|---|---|---|---|
| | Judge Stephen L. Crocker. | | (Associate) ($175) | |
| 3/12/18 | Draft revised Claim for Itemized Costs and Expenses Pursuant to Sanctions Order of Judge Stephen L. Crocker. | 0.3 | Jason Eckerly (Partner) ($215) | $43.00 |
| | **Totals:** | 4.7 (Associate Rate -$175) 1.0 (Partner Rate - $215) | | $1,037.50 |

WHEREFORE, the Defendant, 3M COMPANY, respectfully requests that this Court grant attorney's costs and fees as itemized above pursuant to the March 7, 2018, order of Judge Stephen L. Crocker [Dkt 199], and provide any other relief it deems necessary.

Respectfully Submitted,

By:       s/ Jason P. Eckerly
Edward J. McCambridge ARDC #1812343
Jason P. Eckerly ARDC #6288127
Patrick F. Sullivan ARDC #6314104
Nathan J. Law ARDC #6319318
Segal McCambridge Singer & Mahoney Ltd.
Suite 5500, 233 S. Wacker Drive
Chicago, Illinois 60606
(312) 645-7800  (312) 645-7711 Facsimile
Emails: emccambridge@smsm.com
Emails: jeckerly@smsm.com
Email:  psullivan@smsm.com
Email: nlaw@smsm.com

## CERTIFICATE OF FILING

      I hereby certify that on March 14, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

                                    s/ Jason P. Eckerly
                        Edward J. McCambridge ARDC #1812343
                        Jason P. Eckerly ARDC #6288127
                        Patrick F. Sullivan ARDC #6314104
                        Nathan J. Law ARDC #6319318
                        Segal McCambridge Singer & Mahoney Ltd.
                        Suite 5500, 233 S. Wacker Drive
                        Chicago, Illinois 60606
                        (312) 645-7800  (312) 645-7711 Facsimile
                        Emails: emccambridge@smsm.com
                        Emails: jeckerly@smsm.com
                        Email:  psullivan@smsm.com
                        Email: nlaw@smsm.com